GUINNEY, Respondent, v. CITY OF WILLOW SPRINGS, Appellant.

St. Louis Court of Appeals, April 26, 1904.

CONVERSION: Verdict Conclusive. In an action for the conversion of personal property which the defendant claimed under an execution sale against the plaintiff, where the issue was whether plaintiff, prior to the sale, had paid the judgment upon which the execution issued, there being evidence to sustain the verdict of the jury in favor of the plaintiff, it will not be disturbed.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*N. B. Wilkinson* for appellant.

GOODE, J.—An action to recover the value of personal property alleged to belong to the plaintiff and to have been converted by the defendant. The property was a tubular boiler, feed pump, dynamo, eighteen arc lamps and other articles composing a public electric lighting and water plant in the city of Willow Springs.

The answer admits the plaintiff owned the property until it was sold under an execution by the sheriff of Howell county and purchased by the city.

Guinney owned a water and light plant in the city of Willow Springs and supposed he had a contract as the assignee of William Krielow, to furnish the city with water. His contract appears to have been set aside by the courts. In the litigation between him and the city costs accrued which were adjudged against Guinney. The city had instituted an action on a bond for costs he had given and obtained judgment for $221.50. An execution was issued on that judgment and the property in question was sold under the execution and bought in by the city. Guinney contends he had paid the judgment prior to the execution sale, had presented receipts to the sheriff who held the execution, satisfied said officer that he had paid everything and the latter agreed not to sell the property on which the execution had been levied, but afterwards did sell it notwithstanding the agreement.

The record is encumbered with a huge mass of irrelevant testimony, as there was but one issue in the case, to-wit; whether Guinney had paid the judgment prior to the sale. The court submitted this issue to the jury by clear and definite instructions, giving all that were asked by the defendant. Not an exception was saved to the admission of testimony, the contention here being that the evidence shows the judgment had not been satisfied before the sale and, therefore, the verdict of the jury was wrong. We think differently. It can

hardly be conceded that there is a doubt in favor of the defendant; for to our minds it is clear Guinney had paid all he owed and that the city officials induced the sheriff to make the sale notwithstanding. At all events the jury found the issues in plaintiff's favor and the evidence is ample to support their finding.

Judgment affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.